UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAOUFIQ SEFFAR, on behalf of :
himself and others similarly situated, :
: CASE NO.: 0:21-cv-61000-WPD
Plaintiff, :
:
v. :
:
FINANCIAL BUSINESS AND :
CONSUMER SOLUTIONS, INC. d/b/a :
FBCS, :
Defendant. :
_____/

**DEFENDANT FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a
FBCS'S ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES AND DEMAND FOR JURY**

Defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS ("FBCS" or "Defendant") by and through their undersigned counsel, answer Plaintiff Taoufiq Seffar's ("Plaintiff") Complaint ("Complaint") and state as follows:

**Nature of Action**

1. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

2. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

3. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

4. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

5. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

6. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

7. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

8. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

9. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

10. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

11. Denied.

## Parties

12. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same. The remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

13. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

14. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

15. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

16. Admitted in part; denied in part. Defendant admits in has an office located in Pennsylvania. The remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

17. Denied.

18. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

19. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

20. Admitted in part; denied in part. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

21. Admitted in part; denied in part. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute.

       Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

22. Admitted in part; denied in part. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

## Jurisdiction and Venue

23. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

24. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## Factual Allegations

25. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

26. Denied.

27. Denied. Exhibit A is a document the terms of which speak for themselves.

28. Denied. Exhibit A is a document the terms of which speak for themselves.

29. Denied. Exhibit A is a document the terms of which speak for themselves.

30. Denied. Exhibit A is a document the terms of which speak for themselves.

31. Admitted.

32. Denied. Defendant specifically denies that the allegation in this paragraph are "in connection with the collection of a consumer debt." By way of further response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

33. Denied. By way of further response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

34. Denied. Exhibit A is a document the terms of which speak for themselves

35. Denied. Exhibit A is a document the terms of which speak for themselves.

36. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same.

37. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same.

38. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same.

39. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. Defendant specifically denies that it "communicated" "in connection with a debt" as alleged by Plaintiff. By way of further

response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA.  *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

40. Denied.

41. Denied.

## Class Action Allegations

42. Denied.  All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

43. Denied.  All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

44. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

45. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

46. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

47. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

48. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

49. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.  By way of further response, Defendant

      specifically denies that Plaintiff's allegation describes "communications" under the FDCPA. Moreover, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

50. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

51. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

52. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

53. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

54. Denied.

55. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

56. Denied.

57. Denied.

**Count I: Alleged Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)**

58. All allegations incorporated by reference in this paragraph of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

59. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

60. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. By way of further response, Defendant specifically denies that Defendant "communicated" or "disclosed" any of Plaintiff's information to a third party mail vendor or that Defendant violated the FDCPA in any way. *See Transunion, LLC v. Ramirez*, No. 20-297, 594 U.S. ___ (2021) (rejecting a theory that information was "published" to internal employees "and to vendors that printed and sent the mailings"). By way of further response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

61. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. By way of further response, Defendant specifically denies that Defendant "communicated" or "disclosed" any of Plaintiff's information to a third party mail vendor or that Defendant violated the FDCPA in any way. *See Transunion, LLC v. Ramirez*, No. 20-297, 594 U.S. ___ (2021) (rejecting a theory that information was "published" to internal employees "and to vendors that printed and sent the mailings"). By way of further response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

62. Denied All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. By way of further response, Defendant specifically denies that Defendant "communicated" or "disclosed" any of Plaintiff's information to a third party mail vendor or that Defendant violated the FDCPA in any way. *See Transunion, LLC v. Ramirez*, No. 20-297, 594 U.S. ___ (2021) (rejecting a theory that information was "published" to internal employees "and to vendors that printed and sent the mailings"). By way of further response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

63. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. By way of further response, Defendant specifically denies that Defendant "communicated" or "disclosed" any of Plaintiff's information to a third party mail vendor or that Defendant violated the FDCPA in any way. *See Transunion, LLC v. Ramirez*, No. 20-297, 594 U.S. ___ (2021) (rejecting a theory that information was "published" to internal employees "and to vendors that printed and sent the mailings"). By way of further response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

64. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. By way of further response, Defendant specifically denies that Defendant "communicated" or "disclosed" any of Plaintiff's

information to a third party mail vendor or that Defendant violated the FDCPA in any way. *See Transunion, LLC v. Ramirez*, No. 20-297, 594 U.S. ___ (2021) (rejecting a theory that information was "published" to internal employees "and to vendors that printed and sent the mailings"). By way of further response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

65. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. By way of further response, Defendant specifically denies that Defendant "communicated" or "disclosed" any of Plaintiff's information to a third party mail vendor or that Defendant violated the FDCPA in any way. *See Transunion, LLC v. Ramirez*, No. 20-297, 594 U.S. ___ (2021) (rejecting a theory that information was "published" to internal employees "and to vendors that printed and sent the mailings"). By way of further response, a third-party mail vendor is not a "third-party" but is an agent and thus a mere extension of a collector under the FDCPA. *See* 2A C.J.S. Agency § 1 ("a principal is considered to have done himself or herself what he or she does by acting through another person").

**WHEREFORE**, Defendant requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, and award Defendant its reasonable attorney's fees and costs incurred in defending this action. Defendant further request that this Court deny any other requested damages, fees, costs, other legal and equitable relief, and award such other relief as the Court deems just and equitable.

## **JURY DEMAND**

Defendant demands a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Plaintiff failed to mitigate any damages which Plaintiff may have suffered.

5. Plaintiff has suffered no compensable damages.

6. Plaintiff has suffered no ascertainable loss of money or property.

7. Defendant affirmatively alleges that Plaintiff's claims are barred by a lack of standing under Article III of the U.S. Constitution. *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1544-50 (2016).

8. Defendant affirmatively alleges that Plaintiff's claims are barred by the absence of an actual or imminent injury that is concrete and particularized. *See Spokeo Inc.*, 136 S. Ct. at 1544-50.

9. The purported class is not so numerous as to make joinder of all members impracticable.

10. The purported class is not ascertainable.

11. The questions of law or fact are not common to the purported class.

12. The claims and defenses of Plaintiff are not typical of the claims and defenses of the purported class.

13. Plaintiff and Plaintiff's counsel cannot fairly and adequately protect the interests of the purported class.

14. Prosecution of separate actions by individual members of the purported class would not create a risk of inconsistent or varying adjudications with respect to individual members of the purported class that would establish incompatible standards of conduct for Defendant.

15. Prosecution of separate actions by individual members of the purported class would not create a risk of adjudications with respect to individual members of the purported class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

16. Defendant's alleged conduct is not generally applicable to the purported class.

17. Defendant did not violate the FDCPA.

18. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery and/or this litigation.

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By: */s/Adam H. Settle*
Avery A. Dial, Esq.
Fla. Bar No.: 732036
Email: adial@kdvlaw.com
Adam H. Settle, Esq.
Fla. Bar No.: 1026828
Email: asettle@kdvlaw.com
100 S.E. 3rd Ave., Suite 1500
Fort Lauderdale, FL 33394
Tel. (954) 302-2360
Fax: (888) 464-7982
***Counsel for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16h day of July 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all parties or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

Respectfully submitted,

By: */s/Adam H. Settle*
Adam H. Settle, Esq.
Fla. Bar No.: 1026828
Email: asettle@kdvlaw.com

4818-8564-7346, v. 1